UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS POLLOCK, et al.,<br>      Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>      Defendant. | Case No. 21-cv-09975-JCS<br><br>**ORDER RE JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 152 |

      The parties have filed a joint discovery letter relating to Plaintiffs' obligations with respect to listing on their privilege log documents created by or involving their experts and consultants that have been withheld as work product. Plaintiffs appear to take the position that all of the work of these consultants that was performed after the 2020 Glass Fire was performed in anticipation of litigation and therefore is work product and need not be logged. Federal argues that all communications with these consultants must be logged but that it is willing to stipulate that Plaintiffs don't need to log (i) post-litigation communications involving only a party and the party's outside counsel, or (ii) any documents created after March 22, 2024, when the claim determination was issued.

      Having considered the parties' arguments, the Court ORDERS as follows: Each side must produce a privilege log within ten days of this Order listing all withheld documents that relate or refer to any experts or consultants that side retained in connection with evaluating damage to Plaintiffs' property from the Glass Fire and that were created before litigation commenced, EXCEPT that the parties do not need to include on their privilege logs any communications solely between a party and their counsel. If, after this material is logged, the opposing party has a good faith belief that specific documents or categories of documents created after the beginning of the

litigation relating to consultants or experts may not be entitled to privilege or work product protection and therefore should be described in a supplemental privilege log, the party may raise the issue again in a meet and confer session and follow the Court's standing order regarding discovery disputes. No pending discovery shall be delayed by the production of the privilege logs required by this Order.

**IT IS SO ORDERED.**

Dated: December 5, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge