UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS POLLOCK, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 21-cv-09975-JCS<br><br>**ORDER RE JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 156 |

The parties have submitted a joint discovery letter regarding a dispute as to whether Federal's outside counsel, Eric Freed, who is lead co-counsel in this case, must produce documents in response to Plaintiffs' document requests. Federal contends Freed was retained shortly before Plaintiffs initiated this action in order to provide legal advice whereas Plaintiffs contend Freed has acted as an insurance adjuster and therefore, that Federal cannot claim attorney-client privilege over Freed's communications with Federal. Federal has supplied declarations from Christopher Lassiter (dkt. no. 156-1) and Eric D. Freed (dkt. no. 156-2) in support of its position. The Court concludes that Federal is correct.

In *Costco Wholesale Corp. v. Superior Court*, the California Supreme Court held that whether the attorney-client privilege applies turns on what the "dominant purpose" of the relationship was between the attorney and the client. 47 Cal. 4th 725, 735 (2009). "The attorney-client privilege does not attach to an attorney's communications 'when the client's dominant purpose in retaining the attorney was something other than to provide the client with a legal opinion or legal advice.' " *MDR Hotels, LLC v. Dow Chem. Co.*, No. CV208008FLAJPRX, 2022 WL 20401310, at *2 (C.D. Cal. Aug. 2, 2022) (quoting *Costco*, 47 Cal. 4th at 735). Moreover, "[c]ommunications concerning claims processing are not shielded from disclosure simply because

an attorney was assigned to do the work of a claims adjuster." *Id.* (citing *Renovate Am. Inc. v. Lloyd's Syndicate 1458*, No. 19-CV-1456-GPC(WVG), 2020 WL 5106657, at *1 (S.D. Cal. Aug. 31, 2020); *Vepo Design Corp. v. Am. Econ. Ins.*, CV 20-04950-MWF (JEMx), 2022 WL 2101743, at *1 (C.D. Cal. Mar. 24, 2022)).

Having reviewed the declarations of Freed (Federal's outside counsel in this case) and Lassiter (the adjuster who is primarily responsible for handling Plaintiffs' insurance claim), the Court concludes that Freed's primary relationship with Federal is as an attorney retained to provide legal advice in connection with this litigation. Plaintiffs' arguments to the contrary are unpersuasive.

First, Plaintiffs point out that Freed is not licensed to practice law in California, asserting that his lack of admission to the California bar suggests that Freed was retained predominantly as an adjuster and not as an attorney. Joint Letter at p. 2 (citing *MDR Hotels, LLC v. Dow Chem. Co.*, 2022 WL 20401310, at *3). But *MDR Hotels* is distinguishable. That case involved two in-house "claims coordinator consultant[s]" who happened to be attorneys but were not retained to provide legal services. 2022 WL 20401310, at *2. Although the court noted in passing that one of the individuals was "not even licensed to practice law in California[,]" its focus was on the fact that there was no "evidence of any kind of a retainer or consulting agreement" and that in the declarations, the "pair's role and services sound[ed] like those an excellent insurance broker would provide" rather than legal services. *Id.* at *3. Freed is not an in-house claims adjuster. Instead, he was retained shortly before the commencement of litigation in connection with anticipated litigation, indicating Federal retained him to provide legal advice. *See J&M Assocs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* No. 06-CV-0903-W (JMA), 2008 WL 11340050, at *2 (S.D. Cal. Oct. 22, 2008) ("As the court in *2,022 Ranch* observed, '[t]he hiring of outside counsel for a specific project usually indicates that a client is seeking legal advice.' ") (quoting *2,002 Ranch, L.L.C. v. Superior Court*, 113 Cal. App. 4th 1377, 1398 (2003)).

Second, the fact that Freed "requested, scheduled, sought documents for, and took the Pollocks' Examinations Under Oath ('EUO') during the claims process" does not lend significant support to Plaintiffs' position. *See* Joint Letter at p. 2 (citing *Johnson v. Allstate Prop. & Cas. Ins.*

2

1    *Co.*, 2014 WL 4293967, at *2 (W.D. Wash. Aug. 29, 2014)). In *Johnson*, the court applied

2    Washington law, which "start[s] from the presumption that there is no attorney-client privilege

3    relevant between the insured and the insurer in the claims adjusting process, and that the attorney-

4    client and work product privileges are generally not relevant." 2014 WL 4293967, at *4 (quoting

5    *Cedell v. Farmers Ins. Co. of Washington*, 176 Wash.2d 686, 698-699 (2013)). Under *Cedell*,

6    "[t]he insurer may overcome this 'presumption of discoverability by showing its attorney was not

7    engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim but

8    instead in providing the insurer with counsel as to its own potential liability; for example, whether

9    or not coverage exists under the law.'" *Id.* (quoting *Cedell*, 176 Wash.2d at 699). In *Johnson*,

10   however, the court found that the plaintiffs had "clearly shown that the attorney for [the insurer]

11   was involved in the 'quasi-fiduciary tasks of investigating and evaluating or processing the claim'

12   [whereas] [the insurer] [had] presented *no evidence to the contrary*." *Id.* (emphasis added). Thus,

13   even assuming the holding in *Johnson* is consistent with California law, the facts of that case are

14   distinguishable as Federal has provided evidence that Freed has been providing legal advice

15   related to Plaintiffs' claim. Further, as noted by the court in *U.S. Specialty Ins. Co. v. Capitol

16   Films U.S., LLC*, it appears that it is customary in California for coverage counsel to take EUO's

17   and therefore, the mere fact that Freed took Plaintiffs' EUO's does not "create an inference that

18   [Freed] is a claims adjuster." No. CV077206AHMAGRX, 2008 WL 11340369, at *2 (C.D. Cal.

19   Oct. 7, 2008).

20   Third, the fact that "Freed wrote and sent insurance coverage letters directly to Plaintiffs'

21   counsel" is not sufficient to make him a claims adjuster. *See* Joint Letter at p. 2 (citing *Renovate

22   America, Inc. v. Lloyd's Syndicate 1458*, 2020 WL 5106657, at *3-4 (S.D. Cal. Aug. 31 , 2020);

23   *2,022 Ranch*, 113 Cal.App.4th at 1397-98; *Ests. Condo. Ass'n v. Atain Specialty Ins. Co.*, 2020

24   WL 363379, at *1 (W.D. Wash. Jan. 22, 2020); *Bagley v. Travelers Home & Marine Ins. Co.*,

25   2016 WL 4494463, at *2 (W.D. Wash. Aug. 25, 2016); *Umpqua Bank v. First Am. Title Ins. Co.,*

26   2011 WL 997212, at *3 (E.D. Cal. Mar. 17, 2011)). As a preliminary matter, the two Washington

27   cases Plaintiffs cite apply the test established in *Cedell* rather than the predominant purpose test

28   applied by California courts. These cases therefore offer little guidance here.

1         The Court also finds that *Renovate America, Inc. v. Lloyd's Syndicate 1458* is distinguishable. In that case, the court found that an individual who "happen[ed] to be employed by the same law firm that . . . defend[ed] [the] case[did] not convert her status as a claims adjuster to that of opposing counsel[ ]" where the attorney was "the only person who was working on" the claims for the first year after the claims were submitted and no one else had authority to handle the claims. 2020 WL 5106657, at *4. The court noted that at the outset, the claims of the insured were tended directly to this attorney, who issued at least two detailed coverage letters and also issued coverage payments directly to the plaintiff. *Id.* at *3. The court observed, "[a]lthough there is no indication that the payments were made 'on behalf of' Defendant . . . , the Court finds it telling that someone in a purported advisory position as an attorney issued such payments at all." *Id.* Here, there is no evidence that Freed played a role in the adjustment of Plaintiffs' claim that is comparable to the facts of *Renovate America Inc.* This is not to say that Freed's coverage letters to Plaintiffs' counsel may not "blur[ ] [the] lines between the roles of attorney and claims adjuster [in a manner] that the California courts have criticized." *Umpqua Bank v. First Am. Title Ins. Co.*, No. CIV S-09-3208 WBS EF, 2011 WL 997212, at *3 (E.D. Cal. Mar. 17, 2011). Nonetheless, the Court finds based on the totality of the circumstances that Freed's *predominant* relationship with Federal is that of attorney-client, as the court in *Umpqua* also found in that case.

        Similarly, the Court is not persuaded by Plaintiffs' assertion that Freed is a claims adjuster because he has served as a "primary point of contact" in the claims adjustment process. Joint Letter at 3 (citing *McAdam v. State Nat. Ins. Co., Inc*., 15 F. Supp.3d 1009, 1015 (2014)). *McAdams* does not stand for a contrary result. In *McAdams*, the insurer supplied no declarations addressing the role of the individuals whose communications were claimed to be privileged, instead submitting the communications it had withheld on that basis for *in camera* review. 15 F. Supp.3d at 1016. The magistrate judge handling discovery reviewed the documents to determine the nature of the relationship and concluded that some documents reflected legal advice while others did not; the district judge vacated the order, however, remanding for more detailed findings. *Id.* at 1018. The district judge noted that judges have generally refused to conduct *in camera* review in the absence of declarations establishing that "the predominant purpose of a relationship

4

involving claim adjustment to be attorney-client[.]" *Id.* at 1017.  The district judge emphasized that "declarations as to the existence, nature, and scope of an attorney-client relationship may provide sufficient evidence of the relationship even in the absence of, *e.g*., a written retainer agreement." *Id.* at 1016. Thus, the court observed, the magistrate "could have refused to conduct an *in camera* review." *Id.* at 1017.  Here, Federal has supplied declaration sufficient to establish that the attorney-client relationship between Freed and Federal is the dominant relationship and nothing in *McAdam* points to a contrary conclusion.

Finally, the Court finds no authority to support Plaintiffs' reliance on Federal's discovery response stating that it is not relying on an advice-of-counsel defense to show Freed was acting as a claims adjuster. Joint Letter at 3.

For the reasons stated above, the Court finds that Freed's primary relationship with Federal is an attorney-client relationship and therefore rejects Plaintiffs' request that the Court conduct an *in camera* review of Freed's communications with Federal and/or compel their production.

As to Federal's request for the Court's intervention in connection with Plaintiffs' production, the parties are ordered to meet and confer and file a report on the status of their negotiations and any unresolved disputes to the Court by **January 16, 2025**.

**IT IS SO ORDERED.**

Dated: January 7, 2025

JOSEPH C. SPERO
United States Magistrate Judge