UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS POLLOCK, et al.,<br>Plaintiffs,<br>v.<br>FEDERAL INSURANCE COMPANY,<br>Defendant. | Case No. 21-cv-09975-JCS<br><br>**ORDER RE JOINT DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 164, 167 |

## I. INTRODUCTION

As fact discovery in this case nears completion, numerous discovery disputes have arisen. Between December 31, 2024 and January 13, 2025 – the deadline for filing joint discovery letters related to fact discovery disputes under Civil Local Rule 37-3 – the parties filed four discovery letters. They also were unable to agree on proposed extensions of certain deadlines in the case, necessitating a scheduling motion. While some of the parties' disputes raise legitimate legal questions that warrant Court intervention, including disputes relating to the assertion of attorney-client privilege, others involve issues that the parties should have been able to resolve without Court assistance. In this Order, the Court rules on the disputes in docket numbers 164 and 167.

## II. DOCKET NUMBER 164

This discovery letter addresses disputes related to the assertion of attorney-client privilege in connection with documents produced by certain consultants hired by Federal to assess the damage to Plaintiffs' property. Plaintiffs challenge Federal's assertion of privilege and request an order compelling the production of withheld emails and the removal of redactions from these documents. Plaintiffs also seek leave to complete the depositions of these consultants once this material is produced. The Court GRANTS Plaintiffs' request as to Tom Kirkpatrick of Contents

Consulting, Michael Diliberto of Baker Tilly, and Frank Spina of Salco. Because Federal represents that it is not withholding any communications involving Mr. Salvagni on privilege grounds, the Court concludes that Plaintiffs' request is moot as to that consultant.

"Under the attorney-client privilege, it is a general rule that attorney-client communications made 'in the presence of, or shared with, third-parties destroys the confidentiality of the communications and the privilege protection that is dependent upon that confidentiality.' " *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (quoting 1 Paul R. Rice, Attorney–Client Privilege in the United States § 4:35, at 195 (1999 ed.)). There is an exception to this rule, however, where the communication with a third part is "reasonably necessary to accomplish the purpose for which the client consulted the attorney." *Pac. Fertility Ctr. Litig*., 2020 WL 1934981, at *2 (N.D. Cal. Apr. 22, 2020).  On the other hand, "merely copying or 'cc-ing' legal counsel, in and of itself, is not enough to trigger the attorney-client privilege." *R.S. v. City of Santa Ana*, No. SACV14589CASFFMX, 2015 WL 12791369, at *2 (C.D. Cal. July 21, 2015) (quoting *Phillips v. C.R. Bard, Inc*., 290 F.R.D. 615, 630 (D. Nev. 2013)).

There is no doubt that these third-party consultants were retained, at least in part, to assist with claim adjustment.  Federal contends, however, that some of the consultants' communications were to further the purpose for which it retained counsel in connections with this litigation.   In particular, the claim adjuster assigned to adjust Plaintiffs' claim, Christopher Lassiter, states as follows:

> Over the course of the adjustment of the Insureds' Claim, Federal retained Thomas Kirkpatrick of Contents Consulting, Frank Spina of Salco Landscape, and Michael Diliberto of Baker Tilly to assist with investigating and evaluating different aspects of the Claim. They are experts in contents remediation, landscaping issues, and accounting, respectively. In addition to their work on the Claim, Mr. Mortensen and I requested that Mr. Kirkpatrick, Mr. Spina, and Mr. Diliberto participate in communications with and assist Federal's counsel in their provision of legal advice to Federal relating to the Claim.

Lassiter Decl. (dkt. no. 164-4) ¶ 2.  Federal has not, however, pointed to any specific facts to support this conclusory statement. Nor has it offered a declaration by any attorney retained to provide legal advice as to Plaintiffs' insurance claim stating that the communications that are

2

1  claimed to be privileged were reasonably necessary to their provision of legal advice or providing
2  any details to support such a statement.
3  On the flip side, Plaintiffs have supplied deposition testimony from these consultants
4  suggesting that the withheld communications were not reasonably necessary to the provision of
5  legal advice. One consultant testified that he copied Federal's attorneys simply to "keep them in
6  the loop." Joint Letter, Ex. 2 (Diliberto Dep.) at 213. Another testified that he was never
7  instructed on when to include Chubb's attorneys in his communications and that in one case he
8  copied Chubb attorneys simply because he hit "reply all" in responding to an email that included
9  Chubb attorneys in the thread. Joint Letter, Ex. 1 (Kirkpatrick Dep.) at 226-227. And Spina
10 testified that a communication from Spina to Lassiter (a non-attorney) that Federal claims is
11 privileged was intended to assist Lassiter with claim adjustment. Joint Letter, Ex. 3 (Spina Dep.)
12 at 344-345.
13 Based on the current record in this case, the Court concludes Federal has not properly
14 invoked attorney-client privilege as to the communications withheld from production with respect
15 to Kirkpatrick, Diliberto and Spina. Accordingly, Federal is ORDERED to produce all responsive
16 communications with these three consultants that were withheld on the basis of attorney-client
17 privilege, in unredacted form, no later than **January 23, 2025**. Plaintiffs may complete the
18 depositions of these consultants no later than **February 14, 2025**. The continued depositions of
19 these consultants shall be strictly limited to addressing redacted or withheld material produced in
20 response to this Order.

21 **III.   DOCKET NUMBER 167**

22 Plaintiffs raise three issues in this joint letter. First, they challenge Federal's refusal to
23 produce documents created after the March 22, 2024 coverage determination in response to
24 Plaintiffs' Third Set of Request for Production of Documents. Second, they argue that Federal has
25 improperly withheld information about loss reserves. Third, they seek leave to conduct five
26 additional fact depositions.
27 As to the first challenge, Federal complains that Plaintiffs have been aware of the cut-off
28 date since August 16, 2024 and yet did not raise this issue until the parties' December 9, 2024

1  meet-and-confer. As the issue was raised well before the end of fact discovery, however, and
2  Plaintiffs' discovery letter was timely under the case schedule and the local rules, the Court
3  declines to rule in Federal's favor on that basis.

4  Nonetheless, the Court notes that the discovery letter was filed just a few hours before the
5  deadline and addresses Plaintiffs' need for documents after the cut-off date in only a cursory
6  manner. Plaintiffs do not identify any specific documents or categories of documents that have
7  been improperly withheld based on this cut-of date. Furthermore, it is likely that a large number of
8  documents created after that date are privileged and therefore, that requiring Federal to make this
9  additional production will impose a significant burden on Federal with respect to privilege review.
10 Under these circumstances, the Court concludes that the burden of ordering an additional
11 production of documents created after Federal's cut-off date outweighs the likely benefit under
12 Rule 26(b). Therefore, the Court DENIES Plaintiffs' request for relief on this issue.

13 Next, Plaintiffs contend Federal has improperly withheld information about loss reserves.
14 The Court agrees. Federal contends "reserve information is irrelevant and not discoverable in this
15 case" because this is a first-party property insurance case and in such cases, "the question of
16 'potential liability' is not relevant because it does not trigger any duty under the first party policy."
17 Joint Letter at 3 (citing *American Protection. Ins. Co. v. Helm Concentrates, Inc*., 140 F.R.D. 448,
18 450 (E.D. Cal. 1991 )). However, in *Fay Ave. Properties, LLC v. Travelers Prop. & Cas. Co. of*
19 *Am*., the court declined to follow *American Protection Ins. Co.*, finding in a first-party property
20 insurance case that loss reserve information was relevant to the plaintiffs' bad faith claim, which
21 "theorize[d] that Defendant knew from the outset that Plaintiff's claim was likely to be for a large
22 sum of money, that Defendant employed a strategy of making unjustifiable demands for proof of
23 loss, and delayed payments to Plaintiff for which entitlement had been established, in order to
24 induce Plaintiff to accept a low settlement offer." No. CIV. 11-2389-GPC WVG, 2014 WL
25 1333669, at *3 (S.D. Cal. Apr. 2, 2014), objections overruled sub nom. *Fay Ave. Properties, LLC*
26 *v. Travelers Prop. Cas. Co. of Am*., No. 3:11-CV-02389-GPC, 2014 WL 2738682 (S.D. Cal. June
27 17, 2014).

28 The Court finds the reasoning in *Faye* to be persuasive and reaches the same conclusion.

4

The Court rejects Federal's attempt to distinguish *Faye* on the basis that Plaintiffs here "do not allege that Federal 'knew from the outset that Plaintiff[s'] claim was likely to be for a large sum of money' or that Federal 'employed a strategy of making unjustifiable demands for proof of loss.'" Joint Letter at 4 (quoting *Faye*, 2014 WL 1333669, at *3). In fact, Plaintiffs' allegations are very similar to the allegations in *Faye* with respect to intentional delay. *See* Complaint ¶¶ 29-42. Therefore, Federal is ORDERED to produce responsive information related to loss reserves in connection with Plaintiffs' claim by **January 23, 2025.**

Finally, Plaintiffs ask for leave to conduct five additional depositions, as specifically identified in the Joint Letter. That request is GRANTED. Although Federal contends the Court already denied Plaintiffs' request to take additional depositions, it is incorrect. The Court did not address that question in its recent scheduling order because the issue was not explicitly raised in Plaintiffs' motion. Furthermore, the Court previously indicated that it would consider such a request, even after the fact discovery cutoff. *See* docket no. 135. Plaintiffs have demonstrated that there is good cause to permit these additional depositions, which must be completed no later than **February 14, 2025**.

**IT IS SO ORDERED.**

Dated: January 15, 2025

JOSEPH C. SPERO
United States Magistrate Judge

5