UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS POLLOCK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 21-cv-09975-JCS<br><br>**ORDER RE FEDERAL'S MOTION TO ENLARGE TIME FOR DAUBERT MOTIONS AS TO CERTAIN EXPERTS AND TO CLARIFY FORMAT AND PAGE LIMIT FOR DAUBERT MOTIONS**<br><br>Re: Dkt. No. 209 |

Federal has filed a Motion to Enlarge Time for Daubert Motions as to Certain Experts and to Clarify Format and Page Limit for Daubert Motions ("Motion"). In the Motion, Federal asserts that the Court "should clarify" its preference for a "single omnibus" *Daubert* motion from each side (as opposed to separate *Daubert* motions for each witness whose testimony is challenged) and whether "the parties may take up to 12 pages on each expert addressed in the omnibus motion." Federal further requests it be granted extensions on the August 7, 2025 deadline for its *Daubert* motion as to its *Daubert* challenges to two witnesses only – Dawn Bolstad-Johnson and Charles Miller -- because their depositions have not yet occurred. Federal does *not* want to extend the deadline for its *Daubert* challenges to Plaintiffs' remaining expert witnesses and apparently rejected Plaintiffs' offer to extend the briefing deadline for *Daubert* motions generally in order to accommodate the delay. Federal also asks the Court to compel Plaintiffs to produce Mr. Miller for deposition by August 7, 2025.

To the extent Federal needs clarification, the Court reiterates what was clearly stated in its pretrial order: "**Each party may file one Daubert motion, addressing any number of expert witnesses, to be heard at the same time as dispositive motions**." Dkt. no. 35. In all other

respects, the Motion is DENIED for failure to adequately meet and confer, failure to comply with the Court's Civil Local Rules, failure to comply with the pretrial order (dkt. no. 35) and failure to adhere to the Court's Civil Standing Order governing discovery disputes.

First, the page limit for each party's *Daubert* motion is governed by Civil Local Rule 7-4(b). To the extent that Federal seeks leave to exceed the page limit, it must bring a proper motion identifying the specific number of additional pages it seeks and establishing good cause for the additional pages. Federal's request does not state the number of excess pages it seeks (Federal appears to seek leave to file as many as 432 pages of *Daubert* briefing, whether in a single oversized brief or multiple briefs) and does not establish good cause for its request.

Second, Federal seeks to adjust the briefing schedule related to *Daubert* motions (and potentially summary judgment motions). That request is governed by Civil Local Rule 6-3, which requires, *inter alia*, that the moving party supply a declaration "[d]escribe[ing] the efforts the party has made to obtain a stipulation to the time change." The Godesky Declaration (dkt. no. 209-1) barely addresses that requirement, making no mention of Civ.L.R. 6-1. There is a brief reference to counsel's communications related to the scheduling issue as to Dawn Bolstad-Johnson, Godesky Decl. ¶¶ 7-8. There is no indication that counsel met and conferred as to Federal's proposed extension as to Miller. In short, it is apparent that the parties did not meaningfully meet and confer or make a good faith attempt to reach a stipulation regarding scheduling before Federal chose to file the instant Motion.

Third, Federal's request that the Court compel Plaintiffs to produce Charles Miller for deposition by August 7, 2025 is both procedurally and substantively improper. Federal is ORDERED to review the Court's standing order on discovery disputes, which requires that discovery disputes shall be brought to the Court's attention 1) in a joint letter, which 2) shall be filed *only* after the parties have satisfied the meet-and-confer requirements set forth in the standing order. The same requirements are also set forth in the pretrial order in this case, dkt. no. 35. Federal has complied with neither requirement. Federal's request is not only procedurally improper; it also fails to provide specific facts to justify the request, include the nature of the "health concerns in Mr. Miller's family" that led to the cancellation of his scheduled deposition

and why Federal believes that the "volume of documents" Federal anticipates marking as exhibits makes a remote deposition of Mr. Miller "not feasible."

Therefore, to the extent Federal seeks to pursue any of the requests raised in the instant motion, it shall do so in compliance with the rules and Orders discussed above, **which require meaningful meet and confer efforts to resolve the parties' disputes by stipulation and to minimize or eliminate the need for Court intervention.** With respect to the scheduling issues raised by Federal, the Court offers the following guidance:

1) the Court will not permit piecemeal briefing of *Daubert* challenges; as previously stated, each side is permitted just one *Daubert* motion. This includes Federal's *Daubert* challenges to Bolstad-Johnson and Miller.

2) As made clear in the pretrial order (dkt. no. 35), briefing of *Daubert* motions and summary judgment motions must be on the same track, with the same deadlines for filing motions, opposition briefs and reply briefs.

3) To the extent that the parties stipulate to extend the deadline for filing their reply briefs, they must also propose a new hearing date that ensures that the replies are filed at least 4 weeks before the hearing date, as required under the pretrial order.

Finally, motions such as the instant motion impose a burden on the Court and are waste of judicial resources. There is nothing in Federal's Motion that appears to warrant Court intervention (apart from consideration of a stipulation adjusting the schedule or of an excess page request) given that both sides are represented by experienced counsel who should have been able to resolve the disputes Federal has brought to the Court's attention. **As this case nears trial, the Court expects the parties to work collaboratively to ensure that Court intervention is sought only when truly necessary. Further motions of this sort will not only be summarily denied but may also result in the imposition of sanctions.**

**IT IS SO ORDERED.**

Dated: July 25, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge