UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS POLLOCK, et al.,<br>Plaintiffs,<br>v.<br>FEDERAL INSURANCE COMPANY,<br>Defendant. | Case No. 21-cv-09975-JCS<br><br>**DENYING MOTION TO STRIKE LATE-PRODUCED DOCUMENTS UNDER RULE 37**<br>Re: Dkt. No. 261 |

Federal has filed a motion asking the Court to "strike from the record" 23 documents Plaintiffs produced on October 10, 2025, after the close of fact discovery, on the basis that Plaintiffs' production was untimely. Dkt. no. 261 ("Motion"). Because there is no indication that any of these documents has yet been relied on by Plaintiffs or become part of the official record in this case, the Court finds that the Motion is premature. Moreover, the prejudice Federal alludes to is, at this point, speculative, *see, e.g.*, Motion at 7 ("Plaintiffs undoubtedly produced (and created) these documents to sow confusion about a central issue the jury will decide at trial—i.e., whether Plaintiffs can meet their burden of proving the Glass Fire caused their claimed losses"), and appears to be overblown. In addition, it appears that Federal's counsel did not meaningfully meet and confer with Plaintiffs' counsel to determine whether any prejudice associated with the late production can be addressed by allowing for some minor supplemental discovery. Accordingly, the Court DENIES the Motion without prejudice to bringing a motion to strike or preclude at an appropriate time, if the dispute cannot be resolved by good faith efforts to resolve it without Court intervention.

The Court notes that the instant Motion is in line with a pattern of conduct by counsel in this action, who appear to deem no discovery dispute too inconsequential to seek the Court's

assistance. *See, e.g.*, dkt. no. 172 (cautioning the parties that many of their discovery disputes brought before the Court in this case involved "issues that the parties should have been able to resolve without Court assistance."). Counsel's conduct has imposed a significant burden on the Court. As this case approaches trial, the Court expects counsel to meaningfully meet and confer to resolve all disputes – especially minor disputes such as the one raised in the instant Motion -- and to seek Court intervention only where the parties are unable to resolve their disputes through good faith efforts.

**IT IS SO ORDERED.**

Dated: January 3, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge